# EXHIBIT F

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **KENNETH EUGENE SMITH** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | No. CC 1989-1149-60 |
| | * | |
| **STATE OF ALABAMA,** | * | |
| | * | |
| Respondent. | * | |

## SECOND PETITION FOR RELIEF FROM DEATH SENTENCE UNDER ALABAMA RULE OF CRIMINAL PROCEDURE 32

Petitioner Kenneth Eugene Smith, now incarcerated on death row at William C. Holman Correctional Facility ("Holman") in Atmore, Alabama, petitions this Court for relief from his death sentence. The State through the Alabama Department of Corrections ("ADOC") attempted, but failed, to execute Mr. Smith on November 17, 2022, causing him severe and ongoing physical and psychological distress, including post-traumatic stress disorder. Mr. Smith has pending in the United States District Court for the Middle District of Alabama certain federal-law claims, under 42 U.S.C. § 1983, to recover for his injuries and damages arising out of that failed execution attempt, and to prevent the State from attempting to execute him again by lethal injection. But *any* second attempt to execute Mr. Smith, by whatever means, would trigger additional severe psychological distress in violation of his right to be free from cruel and unusual punishment and would itself be a violation of Mr. Smith's rights under the Eighth and Fourteenth Amendments to the United States Constitution and under Article I, § 15 of the Alabama Constitution—particularly because the State's last two attempts to conduct an execution, before the State attempted to execute Mr. Smith in November 2022, had been botched or aborted. This petition raises that separate constitutional claim.

FILED IN OFFICE
CRIMINAL DIVISION

MAY 12 2023

JACQUELINE ANDERSON SMITH
CLERK

This is Mr. Smith's second petition seeking relief under Alabama Rule of Criminal Procedure 32. There is good cause to consider and grant this petition because the single ground for relief stated herein was not—and, indeed, could not have been—known to Mr. Smith before his aborted execution in November 2022, which occurred years after the judgment denying his first petition became final in August 2014. Any failure to consider this petition would result in manifest injustice.

In support of his petition, Mr. Smith states the following:

## PROCEDURAL HISTORY

1. On April 7, 1988, Mr. Smith was indicted in Colbert County for capital murder in violation of Ala. Code § 13A-5-40(a)(7). Vol. 1 at 65–66.

2. By order dated February 28, 1989, the trial court transferred venue of Mr. Smith's trial to Jefferson County due to prejudicial pretrial publicity. Vol. 7 at 1294–95.

3. In May 1996, Mr. Smith was convicted of capital murder. Vol. 1 at 113. After a separate penalty phase hearing, the jury recommended by a vote of 11–1 that Mr. Smith be sentenced to life imprisonment without the possibility of parole (Vol. 1 at 114), but the trial court overrode the jury's decision and sentenced Mr. Smith to death (Vol. 1 at 31–37).

4. Following his direct appeal proceedings, on March 16, 2006, Mr. Smith filed a timely petition for relief from judgment pursuant to Rule 32 of the Alabama Rules of Criminal Procedure in the Circuit Court of Jefferson County. Vol. 31 at 245. On June 1, 2007, Mr. Smith amended his petition. Vol. 32 at 428.

5. On December 19, 2012, the circuit court entered its final order denying Mr. Smith's Rule 32 petition. Vol. 43 at 117–24.

6. On March 22, 2013, the Court of Criminal Appeals affirmed that decision.

7. On August 22, 2014, the Alabama Supreme Court denied Mr. Smith's petition for a writ of certiorari. Vol. 46 at 126.

8. On March 3, 2015, Mr. Smith timely petitioned for a writ of habeas corpus in the United States District Court for the Northern District of Alabama. *See* Petition, *Smith v. Dunn*, No. 2:15-cv-0384, DE 1 (N.D. Ala.).

9. On September 12, 2019, the district court denied each of the claims Mr. Smith asserted in his habeas petition. *Smith v. Dunn*, No. 2:15-cv-0384, 2019 WL 4338349 (N.D. Ala. Sept. 12, 2019). The Eleventh Circuit affirmed, *see Smith v. Comm'r, Ala. Dep't of Corrs.*, 850 F. App'x 726 (11th Cir. 2021), and the United States Supreme Court denied a petition for a writ of certiorari on February 22, 2022, *see Smith v. Hamm*, 142 S. Ct. 1108 (2022).

10. On June 24, 2022, the State moved in the Alabama Supreme Court to set a date for Mr. Smith's execution by lethal injection.

11. By order dated September 30, 2022, the Alabama Supreme Court set Mr. Smith's execution for November 17, 2022.

12. The State unsuccessfully attempted to execute Mr. Smith by lethal injection on November 17, 2022, but aborted the attempt because ADOC was unable to set intravenous ("IV") lines through which it could inject Mr. Smith with the lethal drugs.

13. The State's failed attempt to execute Mr. Smith caused him severe physical and psychological pain that has had ongoing effects.

14. Mr. Smith is pursuing a federal action under 42 U.S.C. § 1983 alleging that making a second attempt to execute him by lethal injection would violate his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution and seeking to prohibit the State from doing so.

That action remains pending in the United States District Court for the Middle District of Alabama. *See Smith v. Hamm*, Docket No. 2:22-cv-497 (M.D. Ala.).

15. However, a claim that "challenges the validity of [Mr. Smith's] conviction or sentence"—as opposed to a claim that challenges the method of his execution—is not available to him in a federal action brought under 42 U.S.C. § 1983. *See Nance v. Ward*, 142 S. Ct. 2214, 2222 (2022).

16. This petition asserts just one claim—*i.e.*, the claim that is not available to Mr. Smith in his federal action under *Nance*.

17. In this petition, Mr. Smith alleges that making a second attempt to execute him by any method would violate his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution and Article, I, Section 15 of the Alabama Constitution and Mr. Smith seeks to prohibit the State from doing so. Mr. Smith could not have asserted this claim at trial, on appeal, or while his first Rule 32 petition was pending. The ground for Mr. Smith's claim was not and could not have been known to Mr. Smith until he experienced the consequences of ADOC's aborted attempt to execute him on November 17, 2022.

**GROUND FOR GRANTING THE PETITION**

**A SECOND ATTEMPT TO EXECUTE MR. SMITH WOULD VIOLATE HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 15 OF THE ALABAMA CONSTITUTION**

18. The Eighth Amendment to the U.S. Constitution prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. Likewise Article I, § 15 of the Alabama Constitution prohibits "cruel or unusual punishment." Ala. Const. art. I, § 15.

19. The U.S. Supreme Court has explained that "[p]unishments are cruel when they involve torture or a lingering death." *Baze v. Rees*, 553 U.S. 35, 49 (2008) (citation and internal quotation marks omitted). The U.S. Supreme Court has further elaborated that "cruel" as "the people who ratified the Eighth Amendment would have understood it" means:

> "[p]leased with hurting others; inhuman; hard-hearted; void of pity; wanting compassion; savage; barbarous; unrelenting," or "[d]isposed to give pain to others, in body or mind; willing or pleased to torment, vex or afflict; inhuman; destitute of pity, compassion or kindness."

*Bucklew v. Precythe*, 139 S. Ct. 1112, 1123 (2019) (quoting 1 S. Johnson, A Dictionary of the English Language (4th ed. 1773) and 1 N. Webster, An American Dictionary of the English Language (1828)); *see also Baze*, 553 U.S. at 49 (a cruel punishment "implies there is something inhuman and barbarous, something more than the mere extinguishment of life").

20. A "method of execution [that] cruelly superadds pain to the death sentence" violates the Eighth Amendment. *Bucklew*, 139 S. Ct. at 1125. In addition to physical pain, "[t]he modern definition of *torture* makes clear that torture can be either physical or psychological in nature." John D. Bessler, *Taking Psychological Torture Seriously: The Torturous Nature of Credible Death Threats and the Collateral Consequences for Capital Punishment*, 11 NE. U. L. REV. 1, 3 (2019) (emphasis in original). For example, "a threat . . . can rise to the level of cruel and unusual punishment." *Dobbey v. Ill. Dep't of Corrs.*, 574 F.3d 443, 445 (7th Cir. 2009); *see also id.* ("Mental torture is not an oxymoron, and has been held or assumed in a number of prisoner cases to be actionable as cruel and unusual punishment . . .—imagine falsely informing a prisoner that he has been sentenced to death." (citation and internal quotation marks omitted)); *Shanklin v. State*, 187 So.3d 734, 808 (Ala. Crim. App. 2014) ("Psychological torture can be inflicted where the victim *is in intense fear and is aware of, but helpless to prevent, impending death.*" (emphasis in original, citation and internal quotation marks omitted)).

5

21. Applying these principles, "'a series of abortive attempts at [execution]' . . . — unlike an 'innocent misadventure'—would demonstrate an 'objectively intolerable risk of harm'" in violation of the Eighth Amendment "that officials may not ignore." *Baze*, 553 U.S. at 50 (quoting *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 470–71 (1947) (Frankfurter, J., concurring); *Farmer v. Brennan*, 511 U.S. 825, 846 & n.9 (1994)).

22. Mr. Smith's was the third consecutive execution that the State has botched or aborted all for the same reason—the inability of ADOC personnel to place IV lines in condemned people. Before ADOC's aborted attempt to execute Mr. Smith in November 2022, it did nothing to determine what happened and why during the previous two botched executions to reduce the risk of a recurrence. Consequently, ADOC's failed attempt to execute Mr. Smith caused him severe physical pain and psychological distress, which he continues to experience. Attempting to execute Mr. Smith for a second time would pose an objectively intolerable risk of triggering the same harm to Mr. Smith in violation of his right to be free from cruel and unusual punishments under the United States and Alabama Constitutions.

23. ADOC's protocol for executing condemned people by lethal injection (the "Protocol") authorizes only two methods for establishing IV access: the "standard procedure" or, if that is unsuccessful, "a central line procedure."

24. It should be a straightforward process to establish IV access by the procedures allowed by the Protocol or to determine that neither is achievable. According to the Emergency Nurses Association Clinical Practice Guideline for Difficult Intravenous Access, "[t]he average time requirement for peripheral IV cannulation is reported at 2.5 to 16 minutes, with difficult IV access requiring as much as 30 minutes." ENA Clinical Practice Guideline: Difficult Intravenous Access (Revised Oct. 2015). And "[p]atients experience increased and potentially significant pain

6

in association with multiple IV attempts." J. Fields, *et al.*, *Association between multiple IV attempts and perceived pain levels in the emergency department*, 15 J. Vasc. Access 514, 518 (2014); A. Bahl, *et al.*, *Defining difficult intravenous access (DIVA): A systematic review*, J. Vasc. Access 1, 1 (Nov. 2021) ("multiple venipuncture attempts sometimes required for successful [IV] insertion . . . can cause pain and anxiety for the patient").

25. In attempting to establish IV access, ADOC botched the execution of Joe Nathan James on July 28, 2022, taking three hours to accomplish it and failed to establish IV access after nearly two hours of unsuccessful attempts during the aborted executions of Alan Eugene Miller on September 22, 2022 and Mr. Smith on November 17, 2022.

26. ADOC did nothing after its botched execution of Mr. James and its failed execution of Mr. Miller to investigate what happened and why to prevent a recurrence.

27. Despite Mr. James's botched execution and Mr. Miller's failed execution and having done nothing to investigate what happened and why during those executions, the State and ADOC simply moved forward with Mr. Smith's planned execution on November 17, 2022.

28. The IV Team, other personnel in the execution chamber, and the officials outside the execution chamber, including Holman Warden Terry Raybon ADOC Commissioner, and John Q. Hamm, knew or should have known based on the difficulties that occurred during Mr. James's execution and Mr. Miller's attempted execution that the IV Team would have great difficulty establishing IV access, resulting in severe physical and psychological pain to Mr. Smith.

29. They further knew or should have known that what they allegedly had done to Mr. Miller—as described in a pleading he filed in federal court—stated a claim for violation of the right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the

U.S. Constitution. *See Miller v. Hamm*, No. 2:22-cv-506, 2022 WL 16721093, at *13–15 (M.D. Ala. Nov. 4, 2022).

30. Despite all that, they recklessly and knowingly charged ahead with deliberate indifference to Mr. Smith's rights and with the same results.

31. In an unsuccessful attempt to establish two IV lines by the standard procedure, the IV Team jabbed Mr. Smith repeatedly, sliding the catheter needle continuously in and out his arms and hands, while ignoring Mr. Smith's complaints that they were penetrating his muscles and causing severe pain.

32. Having failed to establish IV access by the standard procedure, the IV Team next tried to do so using a central line procedure.

33. Sometime before midnight, the IV Team returned to the execution chamber and Mr. Smith was informed that the execution had been aborted.

34. Mr. Smith continues to be in a great deal of physical and emotional pain from the attempted execution in November.

35. ADOC's failed attempt to execute Mr. Smith has had chronically severe psychological consequences, including severe post-traumatic stress disorder. In addition to difficulty sleeping, Mr. Smith's symptoms include nightmares, hypervigilance, hyperarousal, and disassociation (a defense mechanism to suppress threatening thoughts).

36. ADOC's threat to make a second attempt to execute Mr. Smith exacerbates his symptoms and further destabilizes him.

## PRAYER FOR RELIEF

For the foregoing reasons and other such reasons as may be made upon amendment of this petition and a full evidentiary hearing, petitioner Kenneth Eugene Smith respectfully requests that the Court grant him the following relief:

(a) conduct a full evidentiary hearing at which proof may be offered concerning the allegations in this petition;

(b) provide petitioner, who is indigent, with funds sufficient to present witnesses, experts, and other evidence in support of the allegations contained in this petition;

(c) issue an order relieving petitioner of his unconstitutional death sentence following a full and complete hearing; and

(d) grant petitioner any such additional relief as just, equitable, and proper under federal and state law.

Respectfully submitted,

_____
Andrew B. Johnson
BRADLEY ARANT BOULT
 CUMMINGS LLP
1819 Fifth Avenue
Birmingham, Alabama 35103-2104
Tel:  (205) 521-8000
Fax:  (205) 521-8800
ajohnson@bradley.com

Jeffrey H. Horowitz*
David A. Kerschner*
Robert M. Grass*
ARNOLD & PORTER KAYE
 SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Tel:  (212) 836-8000
Fax:  (212) 836-8689
jeffrey.horowitz@arnoldporter.com

david.kerschner@arnoldporter.com
robert.grass@arnoldporter.com

Ashley Burkett
Angelique Ciliberti
ARNOLD & PORTER KAYE
 SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
Fax: (202) 942-5999
angelique.ciliberti@arnoldporter.com

*Attorneys for Petitioner Kenneth Eugene Smith*

**pro hac vice* motion forthcoming

## ATTORNEY'S VERIFICATION

I swear under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on May 12, 2023.

Respectfully submitted,

/s/ Andrew B. Johnson
Andrew B. Johnson
BRADLEY ARANT BOULT
  CUMMINGS LLP
1819 Fifth Avenue
Birmingham, Alabama 35103-2104
Tel: (205) 521-8000
Fax: (205) 521-8800
ajohnson@bradley.com

*Attorneys for Petitioner Kenneth Eugene Smith*

SWORN TO AND SUBSCRIBED before me on this 12th day of May, 2023.

/s/ Carla Batchelor
Notary Public

CARLA BATCHELOR
My Commission Expires
June 19, 2026

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 12, 2023, the foregoing was served by Electronic and U.S. Mail on the following:

Richard D. Anderson
Office of Attorney General
501 Washington Avenue
Montgomery, AL 36130
Richard.Anderson@AlabamaAG.gov

_/s/_
OF COUNSEL