# EXHIBIT 6

CR-2023-0594

*In the COURT of CRIMINAL APPEALS
of ALABAMA*

◆

KENNETH EUGENE SMITH,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

◆

*On Appeal From the Circuit Court of
Jefferson County (CC-89-1149.61)*

**BRIEF OF APPELLEE**

Steve Marshall
*Attorney General*

Henry M. Johnson
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Tel: (334) 353-9095
Henry.Johnson@AlabamaAG.gov

November 13, 2023

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument. The issues raised in the present appeal are adequately addressed in the parties' briefs. For that reason, the Court's decisional process "would not be significantly aided by oral argument." ALA. R. APP. P. 34(a)(3).

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...................................i

TABLE OF CONTENTS ..............................................................ii

TABLE OF AUTHORITIES.......................................................... iii

INTRODUCTION AND SUMMARY OF THE ARGUMENT ................ 1

STATEMENT OF THE CASE ................................................... 3

STATEMENT OF THE ISSUE.................................................. 6

STATEMENT OF THE FACTS ................................................. 6

STANDARDS OF REVIEW ...................................................... 8

ARGUMENT ............................................................................ 9

   I.   This Court should affirm the circuit court's order denying
       and dismissing Smith's second Rule 32 petition ............................9

     A.   Smith's claim was insufficiently pleaded.................................9

     B.   Smith's claim is facially meritless. ........................................12

     C.   Smith's claim is procedurally barred from review by
         the successive-petition bar. .......................................................18

CONCLUSION ......................................................................... 20

CERTIFICATE OF COMPLIANCE.......................................... 21

CERTIFICATE OF SERVICE................................................... 22

## TABLE OF AUTHORITIES

**Cases**

*Bell v. State,*
    593 So. 2d 123 (Ala. Crim. App. 1991) .................................................. 19

*Broom v. Jenkins,*
    1:10-cv-2058, 2019 WL 1299846 (N.D. Ohio Mar. 21, 2019) ......... 11, 14

*Broom v. Shoop,*
    963 F.3d 500 (6th Cir. 2020) .................................................. 15

*Bush v. State,*
    92 So. 3d 121 (Ala. Crim. App. 2009) .................................................. 9

*Ex parte Beckworth,*
    190 So. 3d 571 (Ala. 2013) .................................................. 8

*Ex parte Smith,*
    No. 1130536 (Ala. Aug. 22, 2014) .................................................. 4

*Ex parte White,*
    792 So. 2d 1097 (Ala. 2001) .................................................. 8

*Glossip v. Gross,*
    576 U.S. 863 (2015) .................................................. 17

*Hyde v. State,*
    950 So. 2d 344 (Ala. Crim. App. 2006) .................................... 10, 12

*Kuenzel v. State,*
    204 So. 3d 910 (Ala. Crim. App. 2015) .................................................. 8

*Louisiana ex rel. Francis v. Resweber,*
    329 U.S. 459 (1947) ....................................... 2, 13, 15, 17

*McNabb v. State,*
    991 So. 2d 313 (Ala. Crim. App. 2007) .................................................. 8

*Smith v. Comm'r, Ala. Dep't of Corr.,*
  850 F. App'x 726 (11th Cir. 2021) ........................................................5

*Smith v. Dunn,*
  2:15-cv-00384, 2019 WL 4338349 (N.D. Ala. Sept. 12, 2019) ............3, 4

*Smith v. Hamm,*
  142 S. Ct. 1108 (2022) ..........................................................................5

*Smith v. Hamm,*
  2:22-cv-00497 (M.D. Ala. Sept. 20, 2023) ...........................................10

*Smith v. Hamm,*
  2:23-cv-00656 (M.D. Ala. Nov. 8, 2023)...............................................11

*Smith v. State,*
  620 So. 2d 732 (Ala. Crim. App. 1992) ..................................................3

*Smith v. State,*
  908 So. 2d 273 (Ala. Crim. App. 2000), *cert. quashed,*
  908 So. 2d 302 (Ala. 2005) (mem.), *cert. denied,* 546 U.S. 928
  (2005) ................................................................................................4, 6

*Smith v. State,*
  CR-07-1412 (Ala. Crim. App. Feb. 7, 2014)...........................................4

*Spencer v. Sec'y, Dep't of Corr.,*
  609 F.3d 1170 (11th Cir. 2010)............................................................19

*State v. Broom,*
  51 N.E.3d 620 (Ohio 2016) ......................................................2, 16, 17

*Wimbley v. State,*
  CR-20-0201, 2022 WL 17729209 (Ala. Crim. App. Dec. 16, 2022) ........9

**Statutes**

<u>United States Code</u>

28 U.S.C. § 2254 ........................................................................ 4

<u>Code of Alabama</u>

§13A-5-40(a)(4) ........................................................................ 3
§13A-5-47(e)............................................................................. 4

**Rules**

<u>Alabama Rules of Criminal Procedure</u>

Rule 32.2(b)............................................................................ 18
Rule 32.2(b)(2) ....................................................................... 18
Rule 32.3 ................................................................................. 2
Rule 32.6(b)............................................................................. 2

<u>Alabama Rules of Appellate Procedure</u>

Rule 34(a)(3) ............................................................................. i

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

Kenneth Eugene Smith was convicted of capital murder and sentenced to death for the 1988 murder-for-hire of Elizabeth Dorlene Sennett. Smith eventually exhausted his conventional appeals, and the State of Alabama moved to set his execution date on June 24, 2022. The Alabama Supreme Court granted the State's motion, setting Smith's execution for November 17, 2022. While the United States Supreme Court ultimately allowed Smith's execution to proceed late that evening, the State was unable to obtain the necessary intravenous access before the death warrant expired, and so Smith's execution was called off.

Smith, whose conventional state and federal appeals have concluded, filed a second Rule 32 petition in May. Therein, he did not challenge the validity of his conviction or sentence, nor did he challenge Alabama's method of execution. Instead, he alleged that a second attempt to execute him *by any method* would violate his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 15 of the Alabama Constitution.

The State moved to dismiss Smith's petition, arguing that his claim is facially without merit, insufficiently pleaded, and barred from review by the successive-petition bar. The circuit court found that Smith failed to comply with the specificity and full-factual pleading requirements of Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure, concluded that his petition warranted no further proceedings, and denied and dismissed it. Smith now appeals.

While there is no precedent for Smith's claim in Alabama, the United States Supreme Court confronted this very question in *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459 (1947), and determined that the Eighth Amendment's prohibition on cruel and unusual punishment poses no bar to a second execution, even where the condemned was placed in the electric chair and the switch was thrown. The Ohio Supreme Court was presented with a set of facts similar to those here and found "no per se prohibition against a second execution attempt" in the United States or Ohio Constitutions. *State v. Broom*, 51 N.E.3d 620, 631 (Ohio 2016).

This Court should affirm the circuit court for three reasons. First, the circuit court correctly denied and dismissed Smith's petition because he failed to comply with Rule 32's specificity and full-factual pleading

requirements. Second, this Court should follow *Resweber* and *Broom*, and hold that Smith's claim that a second attempt to execute him by any method would violate his constitutional rights is without merit. Third, this Court should hold that Smith's claim is barred from review by the successive-petition bar.

## STATEMENT OF THE CASE

Smith was indicted by a Colbert County grand jury on one count of capital murder for the intentional killing of Elizabeth Dorlene Sennett. *Smith v. Dunn*, 2:15-cv-00384, 2019 WL 4338349, at *1 (N.D. Ala. Sept. 12, 2019). "The indictment charged that Smith intentionally killed Mrs. Sennett by beating her and stabbing her with a knife, for pecuniary consideration of one thousand dollars, in violation of Alabama Code § 13A-5-40(a)(4)." *Id.* Venue was transferred to Jefferson County because of widespread publicity about the crime. *Id.*

A Jefferson County jury found Smith guilty as charged and recommended by a vote of ten to two that he should be sentenced to death. *Id.* The trial court accepted this recommendation, but Smith's conviction was reversed on direct appeal. *Id.*; *see Smith v. State*, 620 So. 2d 732 (Ala. Crim. App. 1992).

3

Smith was retried and again found guilty of capital murder. *Smith*, 2019 WL 4338349, at *1. The jury recommended by a vote of eleven to one that he should be sentenced to life without parole. *Id.* Exercising its independent authority under section 13A-5-47(e) of the Code of Alabama, the trial court found that the aggravating circumstance outweighed the mitigating circumstances and sentenced Smith to death. *Id.*

Smith's conviction and sentence were affirmed on direct appeal. *Smith v. State*, 908 So. 2d 273 (Ala. Crim. App. 2000), *cert. quashed*, 908 So. 2d 302 (Ala. 2005) (mem.), *cert. denied*, 546 U.S. 928 (2005) (mem.).

Smith filed a counseled Rule 32 petition for postconviction relief. After a number of twists and turns, the circuit court denied his petition, as thrice amended, and this Court affirmed. *Smith v. State*, CR-07-1412 (Ala. Crim. App. Feb. 7, 2014). The Alabama Supreme Court denied certiorari. *Ex parte Smith*, No. 1130536 (Ala. Aug. 22, 2014).

Having exhausted his state-court appeals, Smith filed a counseled 28 U.S.C. § 2254 petition in the United States District Court for the Northern District of Alabama. Following briefing, the district court denied his petition. *Smith*, 2019 WL 4338349, at *52. The Eleventh Circuit granted a certificate of appealability on one issue and affirmed.

4

*Smith v. Comm'r, Ala. Dep't of Corr.*, 850 F. App'x 726 (11th Cir. 2021) (mem.). The United States Supreme Court denied certiorari. *Smith v. Hamm*, 142 S. Ct. 1108 (2022) (mem.).

On June 24, 2022, the State moved to set Smith's execution. The Alabama Supreme Court granted the motion on September 30, setting Smith's execution for November 17, 2022. Smith raised and litigated a method-of-execution challenge to Alabama's use of lethal injection in a § 1983 action in the Middle District of Alabama. After substantial litigation, the United States Supreme Court permitted Smith's execution to go forward late in the evening of November 17, but the State was unable to obtain the intravenous access required by Alabama's execution protocol before the death warrant expired.

On May 12, 2023, Smith filed a second Rule 32 petition, alleging that a second attempt to execute him by any method would violate his right to be free from cruel and unusual punishment under the United States and Alabama Constitutions. C. 37–48. On July 28, the State moved to dismiss Smith's petition, arguing that his claim is facially meritless, insufficiently pleaded, and procedurally barred from review by

the successive-petition bar. *Id.* at 58–74. On August 11, the circuit court denied and dismissed Smith's petition. *Id.* at 20–21.

Smith filed his brief in this Court on October 23, 2023. The State's brief follows.

## STATEMENT OF THE ISSUE

Did the circuit court correctly deny and dismiss Smith's second Rule 32 petition where his sole ground for relief—that a second attempt to execute him by any method would violate his right to be free from cruel and unusual punishment—was insufficiently pleaded, facially without merit, and procedurally barred from review?

## STATEMENT OF THE FACTS

On March 18, 1988, Smith and his accomplice, John Forrest Parker, murdered Elizabeth Dorlene Sennett in a sordid murder-for-hire plot. *Smith*, 908 So. 2d at 279–81. They were hired by Elizabeth's husband, Charles Sennett, a minister in the Church of Christ. *Id.* at 279. Charles was "involved in an affair," had "incurred substantial debts," and "had taken out a large insurance policy on his wife." *Id.* He agreed to pay the contract killers "each $1,000 in cash." *Id.*

6

Smith and Parker arrived at the Sennett residence "around 9:30" the morning of the murder. *Id.* at 280. Smith knocked on the door, and when Elizabeth answered, Smith told her that Charles had invited them "to look around the property to see about hunting on it." *Id.* Elizabeth asked Smith for his name, went to the telephone, and called her husband. *Id.* When she returned, Elizabeth gave them her permission. *Id.*

The men walked "around the property for a while" and returned to the house. *Id.* They knocked on the door again, and this time, Smith asked Elizabeth if they could use her bathroom. *Id.* She agreed and let them inside. *Id.* Smith struck up a conversation with her while Parker walked toward the bathroom. *Id.* As they were talking, Parker "walked up behind Elizabeth and started hitting her." *Id.* They punched and beat her with their fists and a large cane and stabbed her multiple times with a "black handle survival knife." *Id.* Smith then "messed up some things in the house to make it look like a burglary," and he stole the Sennetts' Samsung VCR. *Id.* at 280–81. Smith and Parker were paid "$900 a piece" for the murder. *Id.* at 281.

The coroner testified that Elizabeth Sennett was stabbed eight times in the chest and once on each side of her neck. *Id.* at 279. She also

"suffered numerous abrasions and cuts." *Id.* Her cause of death was multiple stab wounds to the chest and neck. *Id.*

## STANDARDS OF REVIEW

"A Rule 32 petitioner is entitled to an evidentiary hearing on a claim in a postconviction petition only if the claim is meritorious on its face." *Kuenzel v. State*, 204 So. 3d 910, 914 (Ala. Crim. App. 2015). A claim is meritorious on its face "only if the claim (1) is sufficiently pleaded in accordance with Rule 32.3 and Rule 32.6(b); (2) is not precluded by one of the provisions in Rule 32.2; and (3) contains factual allegations that, if true, would entitle the petitioner to relief." *Id.*

"When the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." *Ex parte White*, 792 So. 2d 1097, 1098 (Ala. 2001) (mem.). "The sufficiency of pleadings in a Rule 32 petition is a question of law." *Ex parte Beckworth*, 190 So. 3d 571, 573 (Ala. 2013).

If the circuit court is correct for any reason, even if not for the stated reason, an appellate court will not reverse its denial of a Rule 32 petition. *McNabb v. State*, 991 So. 2d 313, 333 (Ala. Crim. App. 2007) ("[T]here exists a long-standing and well-reasoned principle that we may affirm

8

the denial of a Rule 32 petition if the denial is correct for any reason.");
*see also Bush v. State*, 92 So. 3d 121, 134 (Ala. Crim. App. 2009) ("[W]hen
reviewing a circuit court's rulings made in a postconviction petition, we
may affirm a ruling if it is correct for any reason.").

## ARGUMENT

I.   **This Court should affirm the circuit court's order denying
     and dismissing Smith's second Rule 32 petition.**

Smith argues that the circuit court erred in denying and dismissing
his second amended petition, and he says this Court should remand his
case with instructions to the circuit court to hold an evidentiary hearing.
Br. 12–25. Simply put, Smith is wrong.

### A.   **Smith's claim was insufficiently pleaded.**

Smith contends that the circuit court erred in holding that his claim
was insufficiently pleaded. Br. 12–22. Not so. The circuit court's ruling is
correct for several reasons.

"The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy
one, requiring the petitioner to set out the *full* factual basis for his claim."
*Wimbley v. State*, CR-20-0201, 2022 WL 17729209, at *8 (Ala. Crim. App.
Dec. 16, 2022) (cleaned up). "The *full* factual basis for the claim must be
included in the petition itself." *Hyde v. State*, 950 So. 2d 344, 356 (Ala.

9

Crim. App. 2006). "If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b)." *Id.*

Smith alleged that a second attempt to execute him *by any method* would violate his constitutional rights, C. 40, but he altogether failed to explain why the State's unsuccessful attempt to execute him by lethal injection renders him ineligible for execution by nitrogen hypoxia or any other method of execution, C. 37–45. The word "nitrogen" appears nowhere in his petition. *See id.* The circuit court correctly found that "his citing of the U.S. Constitution, Article I, § 15 of the Constitution of Alabama, and the bare allegations listed in his petition amount to mere conclusions of law and warrant no further proceedings." C. 21. Indeed, the State has agreed to execute Smith by nitrogen hypoxia, as he requested in his 2022 § 1983 litigation. Final Judgment and Order at 1, *Smith v. Hamm*, 2:22-cv-00497 (M.D. Ala. Sept. 20, 2023), ECF No. 112.[1]

---

1. Notably, Smith's concern when the State offered to acquiesce to his request was that the State could reverse course and execute him by lethal injection in the absence of an injunction. The State consented to just such an injunction. *Id.* at 2. Smith's present § 1983 action, filed last week in the Middle District, contends that Alabama's nitrogen

The circuit court also was correct in holding that Smith "failed to plead sufficient facts to show that he is entitled to relief or that a manifest injustice would result if relief were denied." C. 21. By way of example, Smith alleged that state officials "knew or should have known based on the difficulties that occurred during [Joe Nathan] James's execution and [Alan] Miller's attempted execution that the IV team would have great difficulty establishing IV access," which would result in "severe physical and psychological pain." C. 43.

But incredibly, Smith failed to plead any specific facts identifying those "difficulties." C. 37–45. He did not plead any specific facts showing what occurred during James's execution or Miller's attempted execution, and he also failed to plead any facts showing why state officials "knew or should have known" that those unidentified "difficulties" would reoccur at his execution. *Id.*; *see, e.g.*, *Broom v. Jenkins*, 1:10-cv-2058, 2019 WL 1299846, at *27 (N.D. Ohio Mar. 21, 2019) ("The fact that the execution team had difficulties in prior executions does not show that state officials

---

hypoxia protocol is insufficient to protect his constitutional rights and names the firing squad as an alternative. Complaint at 26–27, *Smith v. Hamm*, 2:23-cv-00656 (M.D. Ala. Nov. 8, 2023), ECF No. 1. Evidently, Smith is playing games with this Court and the federal judiciary.

11

expected or reasonably should have expected those problems to reoccur at Broom's execution.").

Moreover, Smith alleged that state officials "knew or should have known that what they allegedly had done to Mr. Miller—as described in a pleading he filed in federal court—stated a [constitutional] claim." C. 43. Instead of pleading specific facts showing what those officials "had done" to Miller and why they "knew or should have known" about their alleged violation of Miller's rights, Smith attempted to incorporate by reference a pleading, which he did not identify, that was filed by a different inmate in an unrelated case in a different court. *Id.* Again, the "full factual basis for the claim must be included in the petition itself." *Hyde*, 950 So. 2d at 356.

The circuit court correctly found that Smith failed to satisfy his burden of pleading and properly denied and dismissed his petition. The circuit court's judgment should be affirmed.

### B.   Smith's claim is facially meritless.

Smith's claim that a second attempt to execute him by any method would violate his right to be free from cruel and unusual punishment has

12

no precedent in Alabama, but the United States Supreme Court and the Ohio Supreme Court have considered and rejected that claim.

In *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459 (1947), the United States Supreme Court considered the case of Willie Francis, a Louisiana inmate who was placed in the electric chair but survived the execution because of a mechanical failure. *Id.* at 460. After a new death warrant was issued, Francis sought an order prohibiting Louisiana from executing him. *Id.* at 460–61. The parties disputed whether any electrical current had touched Francis's body. *Id.* at 472–73. Francis argued that a second execution attempt would violate the Eighth Amendment's ban on cruel and unusual punishment because "he had once gone through the difficult preparation for execution and had once received through his body a current of electricity intended to cause death." *Id.* at 461.

A four-justice plurality found that there was "no purpose to inflict unnecessary pain nor any unnecessary pain involved in the proposed execution" and rejected Francis's argument. *Id.* at 464. The plurality held that "[t]he cruelty against which the Constitution protects a convicted man is cruelty inherent in the method of punishment, not the necessary suffering involved in any method employed to extinguish life humanely."

13

*Id.* That is because "the traditional humanity of modern Anglo-American law forbids the infliction of unnecessary pain in the execution of the death sentence." *Id.* at 463. The Eighth Amendment, the plurality concluded, has no role to play where "an accident, with no suggestion of malevolence, prevents the consummation of a sentence." *Id.*

The plurality assumed that Francis had been subjected to a current of electricity and held even that "does not make his subsequent execution any more cruel in the constitutional sense than any other execution." *Id.* at 464. As the plurality reasoned, "the fact that an unforeseeable accident prevented the prompt consummation of the sentence cannot . . . add an element of cruelty to a subsequent execution." *Id.*

Justice Frankfurter concurred in the result based on his view that the Fourteenth Amendment did not make the Bill of Rights applicable to the states. *Id.* at 469, 471–72. He found that Louisiana could execute Francis because "the initial attempt failed because of an accident and '[t]here [was] no purpose to inflict unnecessary pain nor any unnecessary pain involved in the proposed execution." *Broom*, 2019 WL 1299846, at *16 (quoting *Resweber*, 329 U.S. at 464, 470–71) (alterations in original). But Justice Frankfurter also cautioned that "a hypothetical situation,

14

which assumes a series of abortive attempts at electrocution or even a single, cruelly willful attempt" would "raise different questions."[2] *Resweber*, 329 U.S. at 471.

In sum, "five justices in *Resweber* agreed that the Constitution does not prohibit a state from executing a prisoner" following an unsuccessful execution attempt, provided that "the state (1) did not intentionally, or maliciously, inflict unnecessary pain during the first, failed execution, and (2) will not inflict unnecessary pain during the second execution, beyond that inherent in the method of execution itself." *Broom v. Shoop*, 963 F.3d 500, 512 (6th Cir. 2020).

The Ohio Supreme Court confronted the issue of whether a second execution attempt would violate the Eighth Amendment's ban on cruel and unusual punishments and the additional issue of whether a second

---

2. Smith badly misreads Justice Frankfurter's concurring opinion. Justice Frankfurter did not, as Smith wrongly asserts, conclude that "a series of abortive [execution] attempts or even a single, cruelly willful attempt" "would preclude another attempt under the U.S. Constitution." Br. 14. Rather, he observed only that this hypothetical scenario would "raise different questions." *Resweber*, 329 U.S. at 471. In addition, Justice Frankfurter's hypothetical "assume[d] a series of abortive attempts at *electrocution*," and his use of the phrase, "or even a single, cruelly willful attempt," illustrates that his hypothetical concerned multiple attempts to execute the same inmate. *Id.*

execution attempt would violate the Ohio Constitution in *State v. Broom*, 51 N.E.3d 620 (Ohio 2016). The court first determined that the Eighth Amendment does not categorically bar a state from making a second attempt to execute an inmate, reasoning:

> Based on *Resweber*, we determine, as did the Eighth District, that there is no per se prohibition against a second execution attempt based on the Cruel and Unusual Punishments Clause of the Eight Amendment. The state's intention in carrying out the execution is not to cause unnecessary physical pain or psychological harm, and the pain and emotional trauma Broom already experienced do not equate with the type of torture prohibited by the Eighth Amendment.

*Id.* at 631.

The court then considered whether the petitioner had satisfied his burden of establishing that "the state in carrying out a second execution attempt is likely to violate its protocol and cause [him] severe pain" and found that he had not. *Id.* at 633. Having resolved those two questions, the court held that "the Eighth Amendment does not bar the state from carrying out [the petitioner's] execution." *Id.* The court further held that Ohio's Constitution does not preclude the state from executing him. *Id.*

Smith did not allege below and does not argue now that the State intentionally or maliciously inflicted unnecessary pain on him during the unsuccessful preparations for his execution on November 17, 2022. He

16

did not allege below and does not argue that the State intends to inflict pain on him during his second execution. And critically, he did not allege below and does not argue that Alabama's method of execution—nitrogen hypoxia, the method *he specifically requested in his federal proceeding*—presents a "substantial risk of serious harm." *Glossip v. Gross*, 576 U.S. 863, 877 (2015) (cleaned up).

As the United States Supreme Court and the Ohio Supreme Court found, the Eighth Amendment's Cruel and Unusual Punishments Clause does not impose a per se prohibition on a second execution attempt. *Resweber*, 329 U.S. at 462–66; *Broom*, 51 N.E.3d at 631–33. For the same reasons, neither does Article I, Section 15 of the Alabama Constitution. And Smith did not allege and does not argue that the State intentionally or maliciously inflicted unnecessary pain on him during the unsuccessful preparations for his execution last year or intends to inflict unnecessary pain on him at his future execution.

Smith's case is on all fours with *Resweber* and *Broom*. For that reason, this Court should hold that the circuit court properly denied and dismissed Smith's petition because his claim is without merit.

17

### C.   Smith's claim is procedurally barred from review by the successive-petition bar.

Alternatively, this Court can hold that Smith's claim that a second attempt to execute him by any method would violate his right to be free from cruel and unusual punishment is barred by the successive-petition bar and affirm the circuit court's judgment for that reason.

Rule 32.2(b) of the Alabama Rules of Criminal Procedure provides:

> (b) SUCCESSIVE PETITIONS. If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner. A successive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.

Although Smith could not have raised this claim in his first Rule 32 petition, he failed to plead any facts showing that he is actually innocent of the murder of Elizabeth Sennett or any facts otherwise showing that a miscarriage of justice would result if his claim is not entertained, as is required by Rule 32.2(b)(2) of the Alabama Rules of Criminal Procedure.

18

This Court has held that a claim in a successive Rule 32 petition is procedurally barred from review where:

> the appellant has failed to show that a failure to entertain the petition would result in a miscarriage of justice. This exception to the procedural default doctrine requires a showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent.

*Bell v. State*, 593 So. 2d 123, 125 (Ala. Crim. App. 1991); *see also Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010) ("Finally, a fundamental miscarriage of justice occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.") (cleaned up).

Because his claim is barred from review by the successive-petition bar, the circuit court properly denied and dismissed Smith's petition. For that additional reason, the circuit court's judgment should be affirmed.

19

## CONCLUSION

This Court should affirm the circuit court's order denying and dismissing Smith's second Rule 32 petition.

Respectfully submitted,

Steve Marshall
*Attorney General*

*s/ Henry M. Johnson*
Henry M. Johnson
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Tel: (334) 353-9095
November 13, 2023                     Henry.Johnson@AlabamaAG.gov

20

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the word limitation set forth in ALA. R. APP. P. 28A(c). The brief contains 4,005 words, including all headings, footnotes, and quotations, and excluding the parts of the brief exempted under ALA. R. APP. P. 32(c).

I certify that this brief complies with the font requirements set forth in ALA. R. APP. P. 32(a)(7). The brief was prepared in 14-point Century Schoolbook font.

21

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023, I electronically filed the foregoing with the clerk of the court and also served a copy upon counsel for the appellant via electronic mail addressed as follows:

Andrew B. Johnson
ajohnson@bradley.com

Robert M. Grass
robert.grass@arnoldporter.com

Jeffrey H. Horowitz
jeffrey.horowitz@arnoldporter.com

Ashley Burkett
ashley.burkett@arnoldporter.com

Angelique Ciliberti
angelique.ciliberti@arnoldporter.com

*s/ Henry M. Johnson*
Henry M. Johnson
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Tel: (334) 353-9095
Henry.Johnson@AlabamaAG.gov

November 13, 2023

22