IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH EUGENE SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN Q. HAMM, *et al.*, )<br>)<br>Defendants. ) | CASE NO. 2:23-cv-656-RAH |

## **ORDER**

The court previously denied Plaintiff Kenneth Eugene Smith's motion for preliminary injunction. (Doc. 69.) Smith appealed from the ruling, and it is now fully briefed and pending before the Eleventh Circuit Court of Appeals. Smith has now moved to supplement the appellate record with new evidence. (Docs. 77, 80.) The proposed evidentiary supplements include: two declarations from his attorney, Mr. Robert M. Grass, Esq.; email and letter communications from and between counsel concerning Smith's health; Smith's recent medical records; and court documents concerning his notice and request to supplement the record. The Defendants oppose Smith's motion and argue, among other things, that the court "lacks jurisdiction to act upon matters before the Eleventh Circuit until the appeal is resolved and the mandate issues." (Doc. 82 at 1.)

Federal Rule of Appellate Procedure 10 explains which materials constitute the record and under what circumstances the record may be supplemented. As relevant here, Rule 10(e)(2) allows the district court to supplement the record "before or after" the record has been forwarded to the court of appeals when "anything material to either party is omitted from or misstated in the record by

1

accident or mistake[.]" Fed. R. App. P. 10(e)(2). The Defendants argue the new evidence Smith seeks to introduce was neither omitted from nor misstated in the record the court reviewed when it ruled on Smith's motion for preliminary injunction. They are right. Smith's proposed supplements to the record are just that: new evidence, and it concerns matters that occurred after the court made its ruling and during the pendency of Smith's appeal of that ruling. Rule 10 does not apply here.

Smith has cited no authority in support of the proposition that this court may supplement the record with new, post-ruling evidence that is directly related to his arguments on appeal except for the Eleventh Circuit's order stating he first needed to seek relief here. Neither does Smith seek to have the new evidence submitted to support any question currently before this court.

The court is cognizant that the new evidence Smith seeks to introduce is central to his arguments on appeal. A district court may "state [] that it would grant the motion if the court of appeals remands for that purpose" if a litigant timely moves "for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending[.]" Fed. R. Civ. P. 62.1(a)(3). The new evidence Smith seeks to submit is central to the consideration of his Eighth Amendment claim and he could not have brought it to this court's attention before the court ruled on his motion for preliminary injunction because the subject events occurred after the court's ruling. Accordingly, the court will provide an indicative ruling that it would grant Smith's motion to supplement the record if the Eleventh Circuit remanded for that purpose. However, the court expresses no opinion as to the weight that evidence should be given, or whether the evidence would change this court's denial of the preliminary injunction.

It is therefore **ORDERED** as follows:

1. Smith's *Emergency Motion to Supplement the Record* (Doc. 77) is

**DENIED**;

2. Smith's *Motion to Add Additional Exhibit to Emergency Motion to Supplement Record* (Doc. 80) is **DENIED**;

3. Pursuant to Federal Rule of Civil Procedure 62.1(b), Smith shall notify the Eleventh Circuit's clerk of court of this court's indicative ruling that it would grant his motions to supplement the record as currently presented if the Eleventh Circuit remanded for that purpose.

**DONE** on this the 22nd day of January 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE