IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH EUGENE SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN Q. HAMM, )<br>Commissioner of the Alabama )<br>Department of Corrections, )<br>)<br>and )<br>)<br>TERRY RAYBON, Warden, )<br>Holman Correctional Facility, )<br>)<br>Defendants. ) | Case No. 2:23-cv-00656-RAH |

**PROPOSED INTERVENOR KIM VAN PELT'S MOTION TO INTERVENE
FOR THE LIMITED PURPOSE OF UNSEALING JUDICIAL RECORDS**

Intervenor Kim Van Pelt, a death-sentenced prisoner subject to execution by nitrogen hypoxia and a member of the public, asserts his general common law right to review judicial records necessary to this Court's resolution of the issues. Intervention is an appropriate means to invoke these rights, and pursuant to Federal Rule of Civil Procedure 24, Mr. Van Pelt moves to intervene for the limited purpose of unsealing judicial records. He respectfully requests this Court grant him access (via his counsel) to the exhibits admitted at the preliminary injunction hearing, unredacted versions of the filed pleadings, and the mask this Court examined.

1

I. **Introduction**

The underlying suit is death-sentenced prisoner Kenneth Eugene Smith's challenge to various aspects of the State of Alabama's plan to execute him by nitrogen hypoxia. Doc. 1. Mr. Smith twice amended his complaint, Docs. 16, 31, and filed a motion for preliminary injunction ("Motion") to prevent Defendants from executing him. Doc. 19. Defendants moved to dismiss and responded to the Motion. Doc. 39.

This Court entered a protective order covering documents the parties deemed confidential, Doc. 22, and ordered Defendants to provide this Court and Mr. Smith with an unredacted copy of the nitrogen hypoxia execution protocol. Doc. 23. The unredacted execution protocol was later admitted as an exhibit at the hearing on the Motion. Doc. 62-3. Before reaching its decision on the Motion, this Court examined a mask provided by Defendants. Doc. 69 at 9 n.3. The parties submitted numerous other exhibits in litigating the Motion, many of which are not available to the public. Doc. 62-2 (Pl's. Ex. List); Doc. 62-59 (Defs'. Ex. List).

On January 10, 2024, this Court issued a decision simultaneously denying the motion to dismiss on most claims and denying the Motion. Doc. 69. The decision referred to the execution protocol, videos provided as evidence in the case, the mask it examined, and other items not publicly available because they were either sealed or redacted.

## II. Intervention is appropriate.

Federal Rule of Civil Procedure 24(a) permits intervention by anyone with "an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair the movant's ability to protect its interest." Permissive intervention is allowed under Rule 24(b) when the intervenor has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In the analogous situation presented by the proposed intervenor in *Comm'r, Alabama Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161 (11th Cir. 2019), the District Court concluded that Advanced Local Media could intervene as of right. *Id.* at 1173. The Eleventh Circuit affirmed this decision and also noted that it would not have been an abuse of discretion to allow permissive intervention in this situation. *Id.* at 1173, n.12.

Intervention motions must also be timely. Courts consider four factors in assessing whether an intervention motion is timely:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before petitioning for leave to intervene; (2) the extent of the prejudice that existing parties may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest; (3) the extent of the prejudice that the would-be intervenor may suffer if denied the opportunity to intervene; and (4) the existence of unusual circumstances weighing for or against a determination of timeliness.

*Id.* at 1171.

Considering these factors, Mr. Van Pelt's request to intervene is timely. The judicial records sought were not known to Mr. Van Pelt before, at the earliest, December 20, 2023, when the exhibits were noted in a docket entry. Doc. 62. Mr. Van Pelt was, and is, not able to access those exhibits. Further, it was stated on December 20, 2023, and clarified on January 10, 2024, that the Court physically examined the mask that will be used in this execution. There is no prejudice to either party for Mr. Van Pelt moving now for intervention.

Mr. Van Pelt will also be prejudiced if he is not allowed to intervene and obtain access to these records prior to filing a complaint challenging Defendants' nitrogen hypoxia execution protocol. The public copy of the protocol available to him is heavily redacted and difficult to follow. Plaintiff in this action, Kenneth Smith, filed a second amended complaint *after* receiving the unredacted protocol. If Mr. Van Pelt had the documents and information requested in this motion prior to filing any complaint, he would not have to file blindly, then obtain the protocol (and other records), and file an amended complaint. As for unusual circumstances favoring a finding of timeliness, intervention at this point to allow him to have these records would also be in the interest of judicial economy. This Court could resolve issues related to production of these records before a complaint is filed. Given that litigation surrounding this protocol has been contemplated by the parties for years,[1] anything that allows the litigation to proceed as expeditiously as possible would

---

[1] *See e.g.*, Oral Arg. Tr., *Smith v. Dunn, et al.*, No. 2:19-cv-00927-ECM-SMD (M.D. Ala. Feb. 8, 2021), Doc. 60 at 52-53 ("My client [ADOC] very much anticipates that there will be 1983 litigation coming out of a method of execution challenge from many death-row inmates, probably all of the ones who elected hypoxia, as soon as a hypoxia protocol is in place.").

4

benefit the parties, this Court, and the public. This Court should find Mr. Van Pelt's motion is timely.

Intervention is appropriate for members of the public seeking court records. *See, e.g.*, *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (citations omitted). The Eleventh Circuit has held that "because it is the rights of the public, an absent third party, that are at stake, any member of the public has standing . . . to move the court to unseal the court file." *Brown*, 960 F.2d at 1016. News organizations and the public seeking access to court proceedings and records must be afforded a prompt and full hearing on their claims. *See, e.g.*, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (media and public "must be given an opportunity to be heard" on questions relating to access) (citation omitted); *United States v. Valenti*, 987 F.2d 708, 713 (11th Cir. 1993).

Mr. Van Pelt opted to be executed by nitrogen hypoxia in June 2018, while reserving his right to challenge that method of execution, on a form adopted by Defendants. *See* Ex. A (Van Pelt Opt-In Form). Moreover, Mr. Van Pelt is a resident of Alabama and member of the public. As such, it is appropriate for this Court to allow intervention for the limited purpose of unsealing judicial records in this case.

**III.     Under Eleventh Circuit precedent the protocol, exhibits, mask, and redacted portions of pleadings are judicial records which must be made available to the public upon request.**

In *Advance Local Media*, news organizations intervened in a suit by death-sentenced prisoner Doyle Hamm, who had challenged Alabama's execution protocol and whether Alabama could make a second attempt to execute him following a botched first try. They sought access to Alabama's execution protocol and all transcripts, briefs, and judicial records referring to the protocol. *Advance Local Media*, 918 F.3d at 1165. In affirming the district court's decision allowing the press to intervene and ordering the release of Alabama's execution protocol (redacted for security purposes), the Eleventh Circuit held, "*Newman* compels us to find that Alabama's lethal injection protocol—submitted to the court in connection with a litigated dispute, discussed in proceedings and motions by all parties, and relied upon by the court to dispose of substantive motions—is a judicial record." *Id.* at 1173. The Eleventh Circuit has not wavered from this basic tenet. *See Callahan v. United Network for Organ Sharing,* 17 F.4th 1356, 1361–62 (11th Cir. 2021) ("We have faithfully adhered to this rule—without exception. For instance, in *Romero v. Drummond Co., Inc.*, we reiterated that material 'filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access.' 480 F.3d at 1245. We also clarified that a substantive pretrial motion need not be dispositive for the rule to apply; any motion 'presented to the court to invoke its powers or affect its decisions' is subject to the public right of access. *Id.* at 1246.").

6

Because "[j]udicial records provide grounds upon which a court relies in deciding cases, . . . the public has a valid interest in accessing these records to ensure the continued integrity and transparency of our governmental and judicial offices," and the right of access "may only be overcome when a court determines—after balancing the respective competing interests of all parties—that the party seeking to keep the information confidential has shown good cause." *Id.*

Here, the underlying proceedings involved Alabama's creation and implementation of a first-of-its-kind execution protocol employing nitrogen gas as the lethal agent. The historical nature of this event mitigates in favor of intervention. *See, e.g.*, *Advance Local Media*, 918 F.3d at 1169 ("The court also considered whether access to the protocol would likely promote understanding of a historically significant event. The court found that this factor weighed in favor of unsealing the documents because 'access to the lethal injection protocol may help the public to understand the context of the State's efforts to execute.'").

Mr. Van Pelt has an interest in addition to that of a member of the public: he is subject to the execution protocol and reserved his rights to challenge that protocol. The sooner he has access to those records, the sooner he can determine what, if any, challenge to mount. As such, he would suffer prejudice if not allowed to intervene in this proceeding. *Id.* at 1172 ("Denial of this right constitutes an injury even if the press might have another opportunity to obtain a copy of Alabama's protocol in a different case. Even if a copy of the protocol were available in the future, Intervenors may be prejudiced by delay in gaining access to that record.")

(citation omitted). This prejudice is palpable, as execution protocol challenges brought by Alabama prisoners are often mooted by Defendants' execution of plaintiffs before the merits can be reached. *See, e.g.*, Order, *Reeves v. Hamm, et al.*, No. 2:20-cv-00027-RAH (M.D. Ala. Feb. 2, 2022), Doc. 99 (dismissing action on suggestion of death following January 27, 2022, execution of plaintiff).

## CONCLUSION

Mr. Van Pelt respectfully requests this Court grant him leave to intervene for the limited purpose of obtaining access to the unredacted execution protocol, unredacted versions of the exhibits, unredacted copies of the briefs filed, and the mask produced by Defendants and examined by this Court.

Respectfully submitted,

**/s/John Palombi**
John Palombi
Kentucky Bar No. 86784
**/s/ Spencer J. Hahn**
Spencer J. Hahn
Oregon Bar No. 043027
Assistant Federal Defenders
Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
(334) 834-2099
spencer_hahn@fd.org
john_palombi@fd.org
*Counsel for Mr. Van Pelt*

## CERTIFICATE OF SERVICE

I certify that on the 24th day of January 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and counsel for Plaintiffs and Defendants were served by the CM/ECF system.

/s/ John Palombi