IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH EUGENE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:23-cv-656-RAH |
| ) | [WO] |
| JOHN Q. HAMM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Movant Kim Van Pelt seeks to intervene in this action for the limited purpose of accessing *all* sealed or redacted judicial records in the case. After dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for want of a live case or controversy, the Court retained jurisdiction to consider and rule upon Van Pelt's Motion to Intervene. Counsel for Plaintiff does not object to the intervention or the release and unsealing of records. Defendants (collectively, "the State") emphatically resist. Because this action is moot and Van Pelt ultimately seeks prelitigation discovery, his request to intervene will be denied.

## II. BACKGROUND

When Kenneth Eugene Smith filed suit on November 8, 2023, after the State of Alabama set his execution by nitrogen hypoxia, the parties and the Court sprung into an eleven-week sprint of expedited motions practice and discovery. Hurried method-of-execution challenges arising on the eve of state executions have become the miserable rule instead of the exception. After a race to the United States Supreme Court following rulings from this Court and the Eleventh Circuit Court of Appeals,

1

Smith's application for stay of execution and petition for a writ of certiorari were denied and the State executed him on January 25, 2024. Throughout the case, the parties filed records under seal—including briefs, transcripts, videos, and other documents—subject to an agreed upon protective order concerning the confidentiality of certain material relevant to and discoverable in Smith's litigation.

On January 24, 2024, the day before Smith's execution, Van Pelt moved to intervene under Rule 24, asking the Court to grant him intervention and access to all judicial records now redacted or under seal in this action. On March 12, 2024, the Court held a hearing on the Motion. At the hearing and in briefing, Van Pelt—a death row inmate who elected execution by nitrogen hypoxia—conceded that, if allowed access, he intends to use the material to advance his own prospective method-of-execution challenge at some unknown point in the future, although he does not state what concern about that method necessitates access to the records from this litigation. He also agreed to be bound by a confidentiality agreement "to assuage [the State's] concerns that certain sensitive information would be distributed to the public at large." (Doc. 104 at 2.) Despite the concessions, Van Pelt maintains he seeks to access the material as a member of the public, merely exercising a long-recognized right of public access to judicial records so "the citizens of Alabama [may] know what is being done in their name." (*Id.* at 11.)

After the hearing, on April 5, 2024, pursuant to the Court's order, the State filed a report identifying all sealed and redacted material in the record, and it stated whether the material (1) was subject to the protective order, (2) should remain sealed or redacted, and (3) if so, the State's justification for leaving the material redacted or under seal. On April 19, 2024, Van Pelt responded to the State's report and objects to its justifications for keeping material redacted or under seal.

## III. STANDARD OF REVIEW

Rule 24 sets out the circumstances under which a party may intervene as of right or seek permissive intervention subject to the Court's discretion. Fed. R. Civ. P. 24. A party is entitled to intervene as of right when either a federal statute grants a conditional right to do so or the moving party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* at 24(a). A court may also permit intervention to anyone with "a claim or defense that shares with the main action a common question of law or fact," *id.* at 24(b)(1)(B), but in exercising its discretion, a court must consider whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights," *id.* at 24(b)(3).

In either case, the motion to intervene must be timely. *Id.* at 24(a) & (b). Four factors determine timeliness: (1) the length of time the movant "knew or reasonably should have known of his interest in the case before" seeking to intervene; (2) "the extent of the prejudice that existing parties may suffer as a result of the [movant's] failure to apply for intervention as soon as he actually knew or should have known of his interest;" (3) "the extent of the prejudice" to the movant if he is denied intervention; and, (4) whether "unusual circumstances weighing for or against a determination of timeliness" exist. *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019) (citing *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017)).

Mere knowledge an action is pending, "without appreciation of the potential adverse effect an adjudication of the action may have on one's interest, does not preclude intervention." *Id.* (citation omitted). "The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed

or prejudiced by the proposed intervenor's delay in moving to intervene. In fact, this may well be the only significant consideration when the proposed intervenor seeks intervention of right." *Id.* (citation omitted).

## IV. ANALYSIS

The public has a right to access judicial records. *Advance Local Media, LLC*, 918 F.3d at 1166 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). The substance of Van Pelt's Motion tests where the outer boundary of that common law right of access extends. Before reaching Van Pelt's records request, step one is to determine whether he may intervene in this action at all.

*First*, the State questions whether the Court has jurisdiction to consider the Motion where, as here, there is no longer a live case or controversy. Sure, it does. The Eleventh Circuit already said "[c]ourts retain jurisdiction to unseal judicial records and may allow parties to intervene well after judgment in a dispute." *Advance Local Media*, 918 F.3d at 1166 n.5 (citing supporting authority). Although the State seeks to distinguish how courts handle this issue when a case ends via settlement (as in *Advance Local Media*) as opposed to mootness (as here), at its heart, the question is one of timeliness. The State admits as much. (Doc. 96 at 4 ("In any event, the mootness of this matter speaks to the question of the timeliness of Van Pelt's effort to intervene.").) And in either case, an order dismissing an action following an event that moots the litigation or a settlement between the parties is a "judgment in a dispute." 918 F.3d at 1166 n.5.

*Second*, this is the rare case the Eleventh Circuit and other circuits have recognized where "timeliness concerns may be less significant when intervention is 'not on the merits, but for the sole purpose of challenging a protective order.'" *Id.* at 1171 n.9 (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (allowing intervention three years after a case was settled), and citing *Blum v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 712 F.3d 1349, 1353–

4

54 (9th Cir. 2013); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 (3d Cir. 1994) ("[T]he growing consensus among the courts of appeals [is] that intervention to challenge confidentiality orders may take place long after a case has been terminated.")) Van Pelt seeks intervention to access judicial records, ostensibly challenging the Court's protective order. Such a limited circumstance is not so obviously barred on grounds of jurisdiction or timeliness. *Id.*

Consider too that Van Pelt filed his Motion the day before Smith was executed. On that point, the State contends Van Pelt is still too little, too late. In its view, Van Pelt should have known since at least November 21, 2023 (the date the protective order was entered), that privileged or confidential material would be filed in the case under seal. That he waited until the eve of Smith's execution to seek intervention, in the State's view, cuts in favor of untimeliness and prejudices it because it could have litigated and appealed this issue before producing the sealed and redacted material in the case. Van Pelt argues he could not have known about the records he seeks to access until, at the earliest, December 20, 2023, when those sealed and redacted records—which he was not and is not able to view—were referenced in the case docket.

Given the circuit courts' generous interpretation of timeliness when a third party seeks to intervene solely to exercise the public right of access to judicial records, Van Pelt's Motion is timely. He moved to intervene while the case was live and before it became moot, and this is not the usual request for intervention where a third party seeks to embroil itself in the merits of the case—it is the unusual circumstance where the public's right of access weighs in favor of timeliness. And even though the State argues it will be prejudiced if the Motion is found timely because it was not able to litigate Van Pelt's challenge to the protective order through appeal before it filed sensitive records, the right of access outweighs its timeliness concern. The Court would have required the State to produce the records relevant

to Smith's litigation anyway, but no one can say at this point whether Van Pelt would have been able to access them while the litigation was rapid and ongoing.

*Third*, although the Motion is timely, Van Pelt may not intervene as of right.[1] *See* Fed. R. Civ. P. 24(a). To intervene as of right, Van Pelt must show a "direct, substantial, legally protectible interest in the proceeding. In essence, he must be at least a real party in interest in the transaction which is the subject of the proceeding." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213–14 (11th Cir. 1989) (cleaned up). Although his interest need not be legally identical to the claims Smith brought, the inquiry "on this issue is a flexible one, which focuses on the particular facts and circumstances surrounding each motion for intervention." *Id.* at 1214 (citation and internal quotations omitted) (alteration adopted).

Van Pelt says his interest is merely that of a member of the public exercising his common law right of access to judicial records, but his word is not to be taken at face value; look closer. His interest in the subject of Smith's litigation is that he too is an inmate under sentence of death who will, at some unknown time in the future, be executed by nitrogen hypoxia. Maybe, but not certainly, that would have favored or even allowed him to successfully intervene in November or December 2023, when Smith's litigation was ongoing. The State's argument that Van Pelt should have sought to intervene sooner has some initial appeal at this stage of the analysis. Even taking Van Pelt at his word that he did not know and could not have reasonably known about the sealed and redacted material he seeks to access here before December 20, 2023, he offers no explanation as to why he waited a month to file his Motion. One might infer he waited until the trial and appellate records were complete through final rulings on the motion to dismiss and preliminary injunction in the case, but that cuts against his request for intervention as of right—if he wishes

---

[1] The parties do not identify a statutory right to intervene here, and the Court found none.

to protect his own interest in Smith's litigation, assuming the existing parties did not and do not adequately represent it, he should have done so sooner. Smith is now deceased and this case is moot, so Van Pelt is not "so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest[.]" Fed. R. Civ. P. 24(a)(2). There is no longer a pending controversy here in which Van Pelt may protect his interest as a death-row inmate exploring a challenge the State's method of execution—which he conceded is his true goal. Absent a live case wherein he may protect his interest, Van Pelt may not intervene pursuant to Rule 24(a).[2]

*Fourth*, the more appropriate avenue to intervene for the purpose of accessing judicial records once the litigation has concluded is by way of Rule 24(b). But the Court will not permit Van Pelt intervention under that rule either. It would be futile. Again, even though the Motion is timely and Van Pelt shares a broad, common claim—a method-of-execution challenge to nitrogen hypoxia—with Smith, the Court "has the discretion to deny intervention even if both of those requirements are met[.]" *Chiles*, 864 F.2d at 1213.

If he were permitted to intervene, Van Pelt ultimately seeks prelitigation discovery to prepare for his prospective federal case against the State when it moves

---

[2] To be sure, the Eleventh Circuit held the intervenors (media and news organizations) in *Advance Local Media* could intervene as of right under Rule 24(a) pursuant to the common law right of access to judicial records because the district court relied on Alabama's then-operative lethal injection protocol in its rulings, and the protocol was not available for the public to view in any form. 918 F.3d at 1165, 1168–69, 1173. The Eleventh Circuit and district court agreed that a redacted version of the lethal injection protocol must be made public, and it was. *Id.* at 1170. This case is not *Advance Local Media*. Van Pelt, like every member of the public, can view the redacted nitrogen hypoxia protocol. He has not shown that his interest is so impaired or impeded by continued enforcement of the protective order that he cannot protect it. He argues he is a member of the public who wants to review all judicial records in this case while he explores his own federal case. That does not create a right of intervention given "the particular facts and circumstances surrounding" his Motion. 865 F.2d at 1214. Especially so when he agreed to be bound by the protective order—or some other order of confidentiality—if allowed to view the material, to the exclusion of everyone except him, the parties, and the Court.

7

to carry out his sentence. All here agree that is his real motivation, even though he couches it in terms of the public's right of access, and that will not do. "[I]n civil cases generally, a party is not entitled to discovery before an action is brought—indeed, he may not seek discovery until after he has not only filed a complaint, but a well-pleaded one." *United States v. Cuya*, 964 F.3d 969, 973 (11th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 686 (2009) ("the doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions," so if a complaint does not "state[ ] a plausible claim for relief," the plaintiff "is not entitled to discovery"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (There is no "need for discovery" before "the filing of a well-pleaded complaint. [Discovery] is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." (quotation omitted)); *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981) ("A person contemplating litigation has no absolute entitlement to early discovery ...."); Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 2071 n.5 (3d ed. 2020) ("The type of fishing which the [Federal Rules of Civil Procedure] do not tolerate is fishing before action to try to discover some ground for bringing suit. No discovery process can be used by the plaintiff before he has filed his complaint." (quotation omitted))). Van Pelt may not use the common law right of access to judicial records to intervene for the purpose of conducting prelitigation discovery, so his Motion will be denied.

Even so, the State identified three exhibits it does not object to unsealing. They include its responses and objections to Smith's interrogatories, an attachment to those responses and objections, and its response to Smith's requests for production. Because no party objects to unsealing those documents, their protection from public view is no longer warranted and a separate order will follow directing the State to file them in unredacted form on the public docket.

\* \* \*

State executions have become all too secretive. Van Pelt is quite right that Alabamians have a right to know just what the State is carrying out in their name. They are entitled to their steadfast support for capital punishment or their outrage over its application. Citizens are free to contact their legislators and state officials about the death penalty and organize on either side of the debate. Such is their right. They alone hold sway over their elected policymakers. Though when death row inmates bring a federal method-of-execution challenge, as Smith did, subject to the Court's narrow and deferential scope of review in those actions, the solemn truth is that a federal case is a limited affair and not everyone with an opinion is invited to attend.

## V. CONCLUSION

For these reasons, it is **ORDERED** that Movant Kim Van Pelt's *Motion to Intervene For the Limited Purpose of Unsealing Judicial Records* (doc. 89) is **DENIED**.

**DONE** on this the 30th day of April 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE